I concur in the conclusions reached by O'BRIEN, J., except as to that part thereof which holds that the item of $15,230,186.06 is not taxable. The court below found that this item represented the rolling stock employed outside of the state, it "being such proportion of all of relator's rolling stock as the mileage thereof without the State bears to the entire mileage of said rolling stock." As I understand this finding it is to the effect that the rolling stock of the relator is used in this state and outside of the state; that is, cars are loaded at some point in the state, as for instance in the city of New York and run over the relator's road to some other point, say, the city of Buffalo. They then are transferred on to other roads and are run to points outside of the state where they are unloaded and then reloaded and returned to this state. The entire mileage includes that traveled in this state as well as that out of the state; this, with the distance traveled outside of the state and the total value of the stock, furnishes the proportion upon which the computation is made. *Page 258 
The question is as to whether this stock is taxable under the statute. The relator is a domestic corporation. It owns the rolling stock. It is used upon its lines of railroad in this state. True, the cars are transferred on to other roads and are run outside of the state for the purpose of facilitating the transportation of persons and freight without change of cars or of breaking bulk, but the use of the cars outside of the state is but temporary, for they are returned as soon as reloaded and are again used in the transportation of persons and property within this state. It seems to me, therefore, that, under a fair and reasonable construction of the statute, this item should have been included as capital employed within this state.
Under the findings of the court below, as we understand them, the average amount of the relator's capital stock during the year was $108,750,000; the average price was $129.8125, making the average cash value of the relator's capital stock for the year $141,171,093.75. The entire amount of the relator's total assets was $337,760,785.52, and the portion of such assets as used in this state $205,029,380.45, to which sum should be added the relator's rolling stock, $15,230,186.06, making the total assets used within the state $220,259,566.51. The statement would thus be
 x: 141,171,093.75::220,259,566.51: 337,760,785.52.
Under this statement x = $92,060,076.91, the amount to be assessed at one and one-half mills, which amounts to $138,090.11.
In view of the fact that there is no express finding by the comptroller that none of the relator's rolling stock was used exclusively outside of the state, I think it advisable that the proceedings should be remitted to the comptroller, to the end that further evidence may be taken upon that subject in case it should be claimed that some portion of the relator's rolling stock was used continuously outside of the state, and if it should be found that such was the fact, the amount thereof should be deducted and the order of the Appellate Division and that of the comptroller should be modified accordingly, without costs to either party. *Page 259